IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In re: ) <br> ) <br> DOROTHY ELIZABETH ) <br>    WILLIAMS, ) <br>        Debtor. ) <br> _____ | Bankruptcy Case No. 06-80073-13 <br> Adversary Proceeding No. 06-09024 |
| DOROTHY ELIZABETH WILLIAMS, ) <br> ) <br>        Appellant ) <br> ) <br> v. ) <br> ) <br> REGIONAL ACCEPTANCE ) <br> CORPORATION, ) <br> ) <br>        Appellee ) | Case No. 1:07CV485 |

## ORDER

Beaty, Chief Judge.

This matter is presently before the Court on an Appeal filed by Dorothy Elizabeth Williams ("Williams" or "Debtor") of an Order issued by the Bankruptcy Court awarding summary judgment in favor of Regional Acceptance Corp. ("RAC"). On January 22, 2008, Attorney Edward Boltz appeared before this Court on behalf of the Debtor, and Attorney James S. Livermon, III appeared on behalf of RAC to present Oral Arguments. After a thorough review of the parties' briefs and the record on appeal and finding no error in the Bankruptcy Court's determination, this Court finds that the Bankruptcy Court's Order should be AFFIRMED.

The facts of this case are undisputed. On February 24, 2004, RAC provided purchase money financing for the Debtor's 2002 Mercury Sable. On January 8, 2006, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Although the Mercury Sable was purchased within 910 days preceding the filing of the Debtor's bankruptcy petition, the Debtor did not treat RAC's claim as fully secured in her Proposed Plan, as required by the "Hanging Paragraph" of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), codified as 11 U.S.C § 1325(a)(9). The "Hanging Paragraph" provides:

> Section 506 shall not apply to a claim . . . if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910 [days] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle acquired for the personal use of the debtor.

11 U.S.C. § 1325(a)(9) (2002). Under the mistaken belief that she had purchased the vehicle outside of the 910 day window and that, therefore, her claim was not subject to the Hanging Paragraph, the Debtor impermissibly bifurcated RAC's claim for the vehicle in her Proposed Plan. The Proposed Plan listed $8,730.00, the value of the vehicle, as secured, and the remaining balance was listed as unsecured. RAC, however, initially did not assert an objection to Williams' treatment of the claim, but submitted a Proof of Claim to the Chapter 13 Trustee on April 3, 2006, asserting a secured claim of $12,179.77. The Plan was confirmed on April 4, 2006, listing the total amount of RAC's secured claim as $8,730.00 with the remaining balance as unsecured. After considering the effect of the Debtor's Plan on its secured claim, on September 20, 2006, RAC commenced an adversary proceeding seeking a determination by the Bankruptcy Court

2

that the portion of RAC's secured claim not paid through the Debtor's Chapter 13 plan would not be discharged, and that the Debtor's vehicle would remain subject to RAC's lien following completion of the Debtor's plan. The Debtor then filed a Motion to Dismiss the Adversary Proceeding.

On January 12, 2007, the Bankruptcy Court issued an Order and Opinion denying the Debtor's Motion to Dismiss the Adversary Proceeding finding that because the Proposed Plan submitted by the Debtor did not state that RAC's claim was subject to the Hanging Paragraph or set forth the date that the debt was incurred, RAC had no notice that it held a claim that was being treated in a manner contrary to BAPCPA. In accordance with its findings, the Bankruptcy Court held that "to the extent that [RAC's] claim is not paid in full under the Plan, RAC is entitled to an order stating that its claim will not be discharged upon completion of the Plan and that the Vehicle will remain subject to RAC's lien until the claim has been paid in full." Relying on its findings in the Opinion and Order denying the Debtor's Motion to Dismiss the Adversary Proceeding, the Bankruptcy Court awarded summary judgment in favor of RAC. Williams appeals the Bankruptcy Court's award of summary judgment arguing that the court erred in holding that RAC is entitled to retain the lien held against Williams' vehicle upon completion of the Chapter 13 Plan, and that her personal liability for any remaining amounts due to RAC will not be discharged.

Under Bankruptcy Rule 8013, "[o]n appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand

3

with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Id. District Courts, however, review a bankruptcy court's conclusions of law de novo. In re Bogdan, 414 F.3d 50, 510 (4th Cir. 2005). In view of this standard of review, the Court has reviewed de novo the Bankruptcy Court's Order, the record on appeal, and the briefs submitted by the parties and finds no reversible error. Based upon such review and consistent with the reasons stated by the Bankruptcy Court, the Court concludes that the award of summary judgment in favor of RAC should be affirmed.[1]

IT IS THEREFORE ORDERED that the Bankruptcy Court's Order and Opinion awarding summary judgment in favor of RAC is AFFIRMED.

This the 14th day of February, 2008.

_____
United States District Court Judge

---

[1] The Court notes that Williams' second argument on appeal, that is, whether she should remain personally liable for any remaining amount due to RAC after completion of the Plan, was not addressed as a separate issue by the Bankruptcy Court. Because this Court has affirmed the Bankruptcy Court's holding that RAC's lien will not be discharged upon completion of Williams' Chapter 13 Plan, this Court will not address separately Williams' contention that she should not remain personally liable for any remaining amounts due to RAC after completion of the Chapter 13 Plan. If the total amount of RAC's claim remains unsatisfied after Williams has emerged from bankruptcy, then it implicitly follows that she would remain liable for any remaining amount due in satisfaction of the lien. Any more definitive resolution of this question will be reserved for a decision by the Bankruptcy Court.

5